**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| CHARLEMAGNE BINYAMIN: SANFORD-EL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 19-08776 (FLW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHRIS CANNON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WOLFSON, Chief Judge:**

This matter comes before the Court on three separate motions to dismiss filed by 1) Officer Chris Cannon and Warren Municipality (the "Warren Defendants"); 2) Sergeant Frank Mongalieri, South Brunswick Municipality, Supervisor of Frank Mongalieri, Barbara Nyitrai, and municipal court Judge Spero Kalambakas (the "South Brunswick Defendants");[1] and 3) Officer George Pilesky and Middlesex Municipality (the "Middlesex Defendants"). Defendants move to dismiss the Amended Complaint of *pro se* Plaintiff Charlemagne Binyamin Sanford-El ("Plaintiff"), wherein he alleges conspiracy, assault, false arrest, kidnapping, and due process violations under 42 U.S.C. § 1983. For the reasons set forth below, Defendants' motions are **GRANTED** in their entirety.

## I.    BACKGROUND AND PROCEDURAL HISTORY

---

[1]    While Mayor Charlie Carley joins in the motion of the South Brunswick Defendants, he is not named as a defendant in this action. Therefore, in determining whether Plaintiff has asserted a viable claim in his pleadings, the Court need not discuss Mayor Charlie Carley as a defendant.

The following facts are taken from Plaintiff's Amended Complaint and are accepted as true for the purpose of this Motion. On March 30, 2016, Plaintiff alleges that Sergeant Frank Mongalieri stopped Plaintiff's vehicle and "deprived" him of his "right to liberty and due process[.]" Amended Complaint ("Am. Compl."), ¶ 29. Plaintiff claims he was in complete control and did not put the general public in danger while driving, and that Sergeant Mongalieri "applied statutes in a manner repugnant to [Plaintiff's] right to movement/migration/travel[.]" *Id*. at 30.

In place of his driver's license, Plaintiff alleges that he provided Sergeant Mongalieri with his "common law copyright," and his vehicle registration and insurance information. *Id*. at 32. Plaintiff asserts that Sergeant Mongalieri performed an "unlawful arrest" and he was "assaulted." *Id*. at 33. At the ensuing hearing before Judge Spero Kalambakas, Plaintiff claims that he was "falsely convicted and sentenced to a twelve (12) day imprisonment and fined $1,267.00[,]" despite raising a jurisdictional challenge. *Id*. at 35. According to Plaintiff, an unidentified  "South Brunswick municipal prosecutor" provided the court with a "deceptively . . . good common sense 'theory' as to why he was not barred from prosecuting the repugnant claim of [Sergeant] Mongalieri[.]" *Id*. at 34. Plaintiff alleges that Judge Kalambakas did not uphold the "supreme law of the land," and that Plaintiff lacked a fair chance to be heard in presenting his defense. *Id*. at 36.

Following the hearing, Plaintiff alleges that South Brunswick Municipal Court harassed him "on a couple of instances," because it issued warrants that violated his due process rights. *Id*. at 37. As a result of his experience in court, Plaintiff asserts that he suffers from "severe emotional distress" and post-traumatic stress "when dealing with police officers and municipal courts." *Id*. at 44.

On February 14, 2017, Plaintiff alleges that Officer Chris Cannon stopped him despite lacking "probable cause or jurisdiction." *Id*. at 54. During the stop, Plaintiff asserts that he spoke to Officer Cannon's "superiors," who failed to provide Plaintiff with probable cause for the stop, and the illegal "search and seizure" that followed. *Id*. at 55. According to Plaintiff, despite being "assaulted" based on an "unlawful arrest" and transported to jail, he was never given a "reasonable opportunity to be heard in [Officer] Cannon's repugnant claims against" Plaintiff. *Id*. at 57.

On May 23, 2017, Plaintiff alleges that Officer George Pilesky arrested him without probable cause, after Plaintiff had already returned to his residence and removed the car keys from the ignition of his "non-commercial truck." *Id*. at 45-46. Despite performing an arrest, Plaintiff asserts that Officer Pilesky failed to read him his Miranda rights, and proceeded to handcuff and grope Plaintiff during a non-consensual search. *Id*. at 46-47. Thereafter, Plaintiff asserts that he was transported against his will to the Middlesex Police Station, where Officer Pilesky "found a void warrant issued by Middlesex Municipal Court for failure to appear in violation of R.7:2-4(b)." *Id*. at 48, 51. According to Plaintiff, the ensuing "case" was transferred to New Brunswick, and municipal court Judge Hoebich refused to provide him with the opportunity to be heard, based on the informal attire that Plaintiff was wearing—"a basketball jersey with no sleeves." *Id*. at 52.

In addition, Plaintiff asserts that the following four municipalities conspired against him, and issued illegal warrants in violation of "R.7:2-4(b)": "Middlesex Municipal Court, South Brunswick Municipal Court, Hawthorne Municipal Court, and Prospect Municipal Court." *Id*. at 22. Although "Warren Municipality" is also included as a named municipal defendant in the

caption of the Amended Complaint, Plaintiff directs no factual allegations against it in the pleadings.

On March 19, 2019, Plaintiff filed the instant action against Defendants. The original complaint named the following individuals and entities as defendants: Sergeant Mongalieri; "Court Prosecutor"; Judge Kalambakas; "South Brunswick Municipality"; "Supervisor of Sergeant Mongalieri"; and Barbara Nyitrai. On December 31, 2019, Plaintiff filed an Amended Complaint that named as defendants Officer Cannon, Officer Pilesky, "C. Calabro," "C. Bonagura," "B. Flynn," James Iandoli, "PTL Celoski," "Warren Municipality"; "Prospect Park Municipality"; "Bloomingdale Municipality"; "Middlesex Municipality"; and "Haledon Municipality."[2] Thus, Plaintiff's Amended Complaint removed the following parties as defendants, although allegations against the latter two remain in the body of the complaint: "Supervisor of Sergeant Mongalieri," Barbara Nyitrai, "Court Prosecutor," and Judge Kalambakas.[3]

In the Amended Complaint, Plaintiff asserts that Defendants conspired to deprive his constitutional rights under 18 U.S.C. § 241, 18 U.S.C. § 242, and 42 U.S.C. § 1983. Plaintiff also

---

[2] The factual allegations against defendants "C. Banagura" and "PTL. B. FLYNN" are sparse. *See* Am. Compl., ¶¶ 59-63, 69-70. However, these defendants have not moved to dismiss Plaintiff's Amended Complaint, and thus, I need not recount the factual allegations against them here.

[3] Plaintiff appears to have abandoned his claims against "Supervisor of Sergeant Mongalieri," "Court Prosecutor," Barbara Nyitrai, and Judge Kalambakas, none of whom are named as a defendant in the caption of the Amended Complaint. However, to the extent that Plaintiff did not intend for his amended pleading to supersede the original complaint, he fails to assert a viable claim as to these individuals. Indeed, the original and amended pleadings do not include factual allegations against "[s]upervisor of Sergeant Mongalieri" and "Barbara Nyitrai," and thus, these individuals are dismissed as defendants. Moreover, while the Amended Complaint contains allegations that reference "Court Prosecutor" and Judge Kalambakas in passing, for the reasons explained *infra*, "Court Prosecutor" and Judge Kalambakas are immune from suit.

brings a cause of action against the Municipalities for "trespassing" on his "due process rights," and alleges that each of the "unlawful arrest[s]" to which the officer defendants subjected Plaintiff constitutes a "separate charge of assault." In addition, Plaintiff raises "false arrest" and "kidnapping" claims as a result of each illegal "traffic stop," and asserts that the "unlawful conviction in the "South Brunswick Municipal Case" amounts to an improper "double jeopardy" violation.

In the instant matter, Defendants, among other things, move to dismiss Plaintiff's Amended Complaint as time-barred. Because Plaintiff did not file a response to Defendants' motions before the applicable opposition date, the Court issued a Letter Order advising Plaintiff that three separate dismissal motions had been filed against him. In the Letter Order, the Court also cautioned Plaintiff that, if he did not respond to Defendants' motions to dismiss on or before July 20, 2020, Defendants' motions would be deemed unopposed. Despite this warning, Plaintiff has not filed a response to Defendants' motions, and thus, the Court deems the motions unopposed.

## II.    DISCUSSION

### A.    Standard of Review

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Therefore, to survive a Rule 12(b)(6) motion to dismiss, the Complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id*. at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a plaintiff has met the facial plausibility standard, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the Court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of trust." *Id*. Finally, where "there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 67

Here, Plaintiff is proceeding *pro se*. "The obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (internal quotations and citation omitted). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal

conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the court's] procedural flexibility. . . . [P]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282.

**B.      Statute of Limitations**

In the Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, alleging violations of due process, assault, false arrest, and kidnapping[4] under the Fourth Amendment, arising from various "unlawful arrest[s]" and "traffic stop[s]" that occurred between March 2016 and May 2017. *See* Am. Compl. In seeking to dismiss Plaintiff's Amended Complaint, Defendants, as a group, argue that Plaintiff's claims are time-barred.[5] The Court agrees.

---

[4]      In New Jersey, "kidnapping is a criminal offense." *See* N.J.S.A 2C:13-1. In that regard, because "kidnapping is not a civil offense under the law of New Jersey, this Court lacks jurisdiction over Plaintiff's kidnapping claims." *Wynder v. Womack*, No. 17-13239, 2019 U.S. Dist. LEXIS 84350, at \*9 (D.N.J. May 16, 2019); *see also Bey v. Pennsylvania*, 345 F. App'x 731 (3d Cir. 2009) (affirming the district court's dismissal of the plaintiff's criminal claims under state law for lack of subject matter jurisdiction). Nevertheless, to the extent that Plaintiff can allege a civil "kidnapping" claim, Plaintiff's cause of action fails for the reasons provided *infra*.

[5]      Although the running of the statute of limitations is an affirmative defense, it can "be properly raised on the pleadings when the date on which the alleged claims accrued is apparent from the face of the pleading, public filings, or other documents integral to the complaint." *See McPherson v. United States*, 392 Fed. Appx. 938, 943 (3d Cir. 2010); *see also Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384, n.1 (3d Cir. 1994).

Congress has not codified a statute of limitations applicable to suits for federal civil rights claims and has instead "determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law." *Hardin v. Straub*, 490 U.S. 536, 538 (1989). As such, the statute of limitations for § 1983 claims is "governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009); *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988) (explaining that "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989). Under New Jersey law, personal injury actions are subject to a two-year statute of limitation. *See* N.J. Stat. Ann. § 2A:14-2(a) ("[E]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued"); *see also Disque v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2009); *Citta v. Borough of Seaside Park*, Civ. No. 09-865, 2010 U.S. Dist. LEXIS 102102, at *10 n.3 (D.N.J. Sept. 27, 2010).

Although state law governs the applicable statute of limitations, "[t]he accrual date of a Section 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *see also Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007) ("[T]he accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period."); *Disabled in Action of Pa. v. Se. Pa. Trans. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008). Federal law provides that "a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon

which its action is based." *Kach*, 589 F.3d at 634 (internal quotations and citations omitted). "[A] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id*. (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). "Accrual does not depend on whether the potential claimant knew or should have known the injury constitutes a legal wrong." *Bayette v. Vanamburgh*, No. 19-13424, 2019 U.S. Dist. LEXIS 217482, at *2 (D.N.J. Dec. 17, 2019); *see also Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013).

Here, Plaintiff's § 1983 claims for due process, assault, false arrest, and kidnapping are time-barred under the pertinent limitations period. The Amended Complaint first asserts that Sergeant Mongalieri conducted an unlawful traffic stop in violation of Plaintiff's rights on March 30, 2016. Am. Compl., ¶ 29. Then, on February 14, 2017, Plaintiff asserts that Officer Cannon stopped him without cause, before performing an illegal search and seizure and transporting Plaintiff to "jail." *Id*. at 54-56. As such, the pleading's factual allegations reveal that the "unlawful" stops and arrests forming the basis of Plaintiff's claims against Officers Mongalieri and Cannon occurred on March 2016 and February 2017—the accrual dates of Plaintiff's alleged injuries. *See Frasier-Kane v. City of Phila*., 517 Fed. Appx. 104, 106 (3d Cir. 2013) (finding that a § 1983 claim began to accrue on the date of the plaintiff's alleged assault); *Alexander v. Fletcher*, 367 F. App'x 289, 290-91 (3d Cir. 2010) (holding that a § 1983 false arrest claim began to accrue on the date of the plaintiff's arrest). However, because Plaintiff did not file this action until March 2019, or more than two years from the dates on which Plaintiff suffered his alleged injuries, his § 1983 causes of action against Officers Mongalieri and Cannon are time-barred.

The Amended Complaint also alleges a third unlawful arrest occurring on May 23, 2017. On that date, Plaintiff claims that Officer Pilesky groped him, performed a non-consensual search of his person, and transported Plaintiff to the Middlesex Police Station. Am Compl., ¶¶ at 38-51. However, Plaintiff did not include Officer Pilesky as a named defended in this action until the filing of his Amended Complaint on December 31, 2019, more than two years from the date on which his claims accrued. Thus, because Officer Pilesky did not receive notice of Plaintiff's § 1983 claims within the applicable limitations period, Plaintiff's § 1983 claims against him are, too, time-barred.[6] *See Scanlon v. Lawson*, No. 16-4465, 2020 U.S. Dist. LEXIS 6790, at *16 (D.N.J. Jan. 15, 2020) (finding that the plaintiff's § 1983 claims were time-barred, where the claims against the defendant were not added until the plaintiff filed an amended pleading, after "the statute of limitations expired"); *see also Biaggi-Pacheco v. City of Plainfield,* No. 16-3511, 2019 U.S. Dist. LEXIS 16120, at *7-8 (Jan. 31, 2019) (holding that the plaintiff's claims against an officer defendant in a civil rights suit were time-barred, because the plaintiff included the

---

[6]     The Amended Complaint also includes factual allegations against Judge Kalambakas and the "municipal prosecutor." In particular, Plaintiff pleads that Judge Kalambakas did not "uphold the supreme law of the land," and that Plaintiff lacked a fair chance to be heard in presenting his defense before Judge Kalambakas, who lacked jurisdiction over his case. Am. Compl., ¶ 36. However, Judge Kalambakas is immune from suit, because the conduct of which Plaintiff complains was performed while Judge Kalambakas was acting in a judicial role. *See Figueroa v. Blackburn,* 39 F. Supp. 2d 479, 484 (D.N.J. 1999) ("It is a well-established principle of Angelo-American jurisprudence that judges are generally afforded absolute immunity from civil suits for money damages.") (citing *Mireles v. Waco*, 502 U.S. 9, 116 L. Ed. 2d 9, 112 S. Ct. 286 (1991)); *see also Stump v. Sparkman,* 435 U.S. 349, 356 (1978) (explaining that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). Likewise, because Plaintiff has not alleged that the "municipal prosecutor" performed an act falling outside of his or her prosecutor role, the "municipal prosecutor" is, too, immune from suit. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity.").

officer defendant in an amended pleading that was filed after the applicable limitations period had expired).

Moreover, to the extent that the pleadings assert a § 1983 claim against the municipal defendants based on the alleged conduct of the defendant officers, such a cause of action fails. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each [defendant], through [her] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691 (1978); *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888); *Dunlop v. Munroe*, 11 U.S. 242, 3 L. Ed. 329 (1812)). For this reason, a municipal defendant cannot be held liable responsible for the alleged actions of a hired tortfeasor. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). Rather, a plaintiff must state a valid *Monell* claim against a municipal defendant, alleging that "the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 175 (3d Cir. 2017); *see Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014); *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009).

Here, Plaintiff cannot state a claim under *Monell*. A "*Monell* or supervisor liability claim is properly viewed as a § 1983 claim (or as a component of a § 1983 claim), and it is subject to the same two-year statute of limitations as the underlying § 1983 tort." *See Waselik v. Twp. of Sparta*, No. 16-4969, 2017 U.S. Dist. LEXIS 76646, at *12 (D.N.J. May 18, 2017) (citing *Desposito v. New Jersey*, No. 14-1641, 2015 U.S. Dist. LEXIS 59159, at *31 (D.N.J. May 5, 2015)). Therefore, to the extent that the Amended Complaint attempts to assert a *Monell* claim against the municipal defendants, like Plaintiff's claims under § 1983, the applicable statute of

limitations operates to preclude such a cause of action. Indeed, Plaintiff's alleged "unlawful"

encounters with the defendant officers, or the events that could serve as the basis for Plaintiff's

claim under *Monell*, occurred more than two years from the date on which this action was filed.[7]

*See Waselik*, 2017 U.S. Dist. LEXIS 76646, at *12; *Desposito*, 2015 U.S. Dist. LEXIS 59159, at

*31. Thus, Plaintiff's claims pursuant to *Monell* against the municipal defendants are time-

barred.

In addition, Plaintiff asserts a claim against the municipal defendants for having issued

illegal warrants that violate "R.7:2-4(b)" in 2018, and conspiring with the defendant officers to

"oppress" and deprive Plaintiff of his "fundamental" legal "rights" Am. Compl., ¶¶ 22, 77. A

civil conspiracy claim, such as the one that Plaintiff asserts here, is a mere "vehicle by which §

1983 liability may be imputed to those who have not actually performed the act denying

constitutional rights." *McGovern v. City of Jersey City*, 98-5186, 2005 U.S. Dist. LEXIS 38644,

at *9 (D.N.J. Jan. 6, 2006) (citing *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp.

808, 832 n.23 (D.N.J. 1993)). For this reason, it is axiomatic that  "a § 1983 conspiracy claim is

not actionable without an actual violation of § 1983." *Id*; *PBA Local No. 38 v. Woodbridge

Police Dep't*, 832 F. Supp. 808, 832 n.23 (D.N.J. 1993) ("[A] § 1983 conspiracy claim is not

actionable without an actual violation of § 1983."); *see also Hickson v. Marina Assocs.*, 743 F.

Supp. 2d 362, 377 (D.N.J. 2010) (dismissing a plaintiff's § 1983 conspiracy claim, because he

---

[7]       Plaintiff's *Monell* claim would fail even if it was not time-barred. As explained above, a
municipal defendant cannot be held liable under *Monell*, unless a plaintiff's alleged harm
resulted from a "municipal policy or custom." In that connection, "[a] policy may be made only
when a policymaker issues an official proclamation or decision[,]" while "[a] custom may exist
where the relevant practice is so permanent and 'widespread as to have the force of law.'"
*Hernandez v. Borough of Palisades Park Police Dep't*, 58 Fed. Appx. 909, 912 (3d Cir. 2003)
(citation omitted). Here, Plaintiff does not meet the standard to allege a claim under *Monell*, as
the Amended Complaint does not sufficiently plead the existence of a municipal policy or
custom.

did not "demonstrate[] any violation of his federal constitutional or statutory rights."). Here, for the reasons described above, Plaintiff has not pled a viable § 1983 claim in the Amended Complaint. Therefore, his civil conspiracy claims against the municipal defendants are dismissed.[8]

In sum, Plaintiff's § 1983 claims for due process, assault, false arrest, and kidnapping are time-barred. To the extent that the Amended Complaint alleges such a claim, Plaintiff's *Monell* cause of action is, too, barred under the operative statute of limitations. Having failed to allege a violation of his constitutional rights, Plaintiff's civil conspiracy claims are also dismissed. Defendants' dismissal motions are granted, and Plaintiff's claims against the Warren Defendants, South Brunswick Defendants, and Middlesex Defendants are all dismissed with prejudice. As stated, this Court issued a Letter Order advising Plaintiff that three separate dismissal motions had been filed against him, but Plaintiff never filed an opposition brief or otherwise communicated with the Court. Thus, Plaintiff appears to have abandoned his claims against these Defendants.

Plaintiff's claims as to the following defendants remain, as none have moved to dismiss Plaintiff's Amended Complaint: Haledon Municipality; Bloomingdale Municipality; Prospect

---

[8]    Plaintiff's claim also fails, because he has not alleged the required elements for conspiracy. To assert such a claim, a plaintiff must allege "that persons acting under color of law reached an understanding to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018). Once the plaintiff establishes "that the object of the conspiracy was the deprivation of a federally protected right, the rule is clear that the plaintiff must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Id*. at 295 (internal quotation marks and citation omitted). Here, the Amended Complaint alleges that "defendants participated in a conspiracy to deprive [Plaintiff] of [his] fundamental rights and to oppress [Plaintiff.]" Am. Compl. ¶ 77. Such bare bones allegations are insufficient to support that Defendants reached an understanding to deprive Plaintiff of his federal rights, and thus, Plaintiff's § 1983 claim can be dismissed on these grounds.

Park Municipality; C. Calabro; C. Bonagura; B. Flynn; James Iandoli; and PTL Celoski. However, because Plaintiff appears to have abandoned this action, Plaintiff is directed to show cause as to why his claims against these defendants should not be dismissed, on or before August 27, 2020. If Plaintiff fails to adhere to this requirement, his claims against these defendants may be dismissed.

## III.   CONCLUSION

For the reasons set forth above, the unopposed motions to dismiss of the Warren Defendants, South Brunswick Defendants, and Middlesex Defendants are **GRANTED** in their entirety.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

14